UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Consumer Financial Protection Bureau<br><br>Plaintiff,<br><br>v.<br><br>PayPal, Inc., and Bill Me Later, Inc.<br><br>Defendants. | Civil Action No. 1:15-cv-01426 |

## AMENDED STIPULATED FINAL JUDGMENT AND ORDER

The Consumer Financial Protection Bureau (Bureau) commenced this civil action on

May 19, 2015, to obtain injunctive relief, civil money penalties, and other relief from PayPal,

Inc., and Bill Me Later, Inc. The Complaint alleges violations of the Consumer Financial

Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1), for unfair, deceptive, and

abusive acts and practices in connection with Defendants' offering, marketing, providing, and

servicing of its online consumer-credit product known as PayPal Credit, formerly Bill Me Later.

The Parties, by and through counsel, request that the Court enter this Stipulated Final

Judgment and Order (Order).

### FINDINGS

1.  This Court has jurisdiction over the parties and the subject matter of this action.

2.  Venue is proper as to all parties in this District.

3.  The Parties agree to entry of this Order, without adjudication of any issue of fact or law,

to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to

the date this Order is entered.

4.      Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

5.      Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action. Each Party will bear its own costs and expenses, including without limitation attorneys' fees.

6.      Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

7.      "Affected Consumers" includes any consumer identified by the Bureau and Defendants who paid late fees or interest charges between January 1, 2011, and May 1, 2015, except that for item (3) in this Definition, between January 1, 2011, and March 31, 2013, as a result of (1) having opened a PayPal Credit account or been enrolled in PayPal Credit without understanding the account opening or enrollment process, or being confused by that process, (2) having a payment processed through a PayPal Credit account without understanding that he or she was using a PayPal Credit account, or being confused about the use of their PayPal Credit Account, or (3) having incurred deferred interest on an account with multiple contemporaneous deferred-interest promotions because of confusion over the amount he or she needed to pay to avoid deferred-interest charges.

8.      "Board" means PayPal's duly elected and acting Board of Directors.

9.    "Clearly and prominently" means:

   A.  In textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the disclosure must be of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background on which it appears;

   B.  In communications disseminated orally or through audible means, the disclosure must be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

   C.  In communications made through interactive media such as the internet and online services, the disclosure must be readily apparent and presented in a form consistent with the requirements for textual communications; and

   D.  In all instances, the disclosure must be presented before the consumer incurs any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

10.   "Consumer financial product or service" has the same meaning set forth in the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5481(5).

11.   "Defendants" means PayPal, Inc., and Bill Me Later, Inc.

12.   "Effective Date" means the date on which this Order is entered on the docket by the Court.

13.   "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegee.

14.    "PayPal" means PayPal, Inc., and its successors and assigns.

15.    "PayPal Credit" means the online open-end consumer-credit product offered by

Defendants, now known as PayPal Credit, formerly Bill Me Later.

16.    "Related Consumer Action" means a private action by or on behalf of one or more

consumers or an enforcement action by another governmental agency brought against

Defendants based on substantially the same facts as alleged in the Complaint.

## ORDER

### I.
### ACCOUNT ENROLLMENT

**IT IS ORDERED** that:

17.    In connection with offering, marketing, or providing PayPal Credit, Defendants, their

officers, agents, servants, contractors, and employees, and all other persons in active concert or

participation with them who have actual notice of this Order, whether acting directly or

indirectly, must take the following actions before enrolling consumers in PayPal Credit or

opening a new PayPal Credit account for a consumer:

A.    Clearly and prominently disclose through a method, such as a pop-up box, that

PayPal Credit is a line of credit and may be subject to interest and that consumers will

receive their billing statements electronically at the email address designated by the

consumer. The application process must require consumers to indicate consent by

affirmatively electing to enroll in PayPal Credit through a means that is specifically

labeled to convey such consent, such as selecting a labeled button. The disclosures must

be clear and prominent in relation to any other information provided on the page.

B.      Defendants must not set PayPal Credit as the default payment method for any

consumer's PayPal account unless that consumer affirmatively consents. To obtain

affirmative consent, Defendants must clearly and prominently disclose, through a

method, such as a check box, that must be affirmatively selected by the consumer, that

the consumer is selecting PayPal Credit as the default payment source for future

transactions and provide the consumer with an option to change the default payment

source for the consumer's account. The disclosures must be clear and prominent in

relation to any other information provided on the page.

## II.
## ACCOUNT USE

**IT IS FURTHER ORDERED** that:

18.     In connection with offering, marketing, or providing PayPal Credit, Defendants, their

officers, agents, servants, contractors, and employees, and all other persons in active concert or

participation with them who have actual notice of this Order, whether acting directly or

indirectly, must, during the checkout process, clearly and prominently provide each consumer

with the payment option that will be used for the transaction, and provide the consumer with a

way to select a payment option other than PayPal Credit, if available. So long as the consumer

is directed to clear and prominent disclosures at selection, this provision shall not prevent a

consumer from voluntarily choosing a more streamlined checkout process for future

purchases, such as one-click payment.  If a consumer chooses another payment option,

Defendants must not process the consumer's payment through PayPal Credit.

## III.
## MARKETING AND PROMOTIONAL OFFERS

**IT IS FURTHER ORDERED** that:

19.     In connection with offering, marketing, or providing PayPal Credit, Defendants, their

officers, agents, servants, contractors, and employees, and all other persons in active concert or

participation with them who have actual notice of this Order, whether acting directly or

indirectly, are enjoined and restrained from misrepresenting any material aspect of PayPal

Credit, including:

      A.     Any benefits that a consumer will receive from using PayPal Credit and

      B.     The terms and conditions of any promotional offer associated with PayPal Credit,

      such as deferred interest or money-back offers.

20.     With respect to merchants that make promotional offers to consumers who use PayPal

Credit, Defendants must ensure that consumers receive the benefit of the promotional offer by

honoring the offer made through the merchant or providing other appropriate remediation

such that the consumer receives at least the benefit of the promotional offer as represented by

the merchant.

## IV.
## PAYMENT PROCESSING

**IT IS FURTHER ORDERED** that:

21.     Defendants, their officers, agents, servants, contractors, and employees, and all other

persons in active concert or participation with them who have actual notice of this Order,

whether acting directly or indirectly, in connection with processing payments made by

consumers toward their PayPal Credit accounts must:

A.     Post payments to accounts with the effective date that the payment was received as follows:

    i.     For electronic payments and payments received over the phone, the cut-off time for the date of receipt is 11:59 p.m.:

        a.     Before February 1, 2019, the cut-off time must be Pacific time;

        b.     On or after February 1, 2019, the cut-off time may be Eastern time, provided that consumers are notified in their PayPal Credit monthly billing statement at least three months before a change is made to the time zone used to measure a payment's date of receipt.

    ii.     Conforming checks, as defined in the PayPal Credit monthly billing statement, will be credited with the date they are received if they are received by 5:00 p.m. Eastern time; otherwise, they will be credited with the next day's date; and

    iii.     Non-conforming checks will be credited within the time frame specified in the PayPal Credit monthly billing statement;

B.     Provide a functioning electronic platform for consumers to make payments; and

C.     If Defendants' system for accepting electronic payments is not functional and unavailable to consumers for a period of one hour or more, ensure that consumers with payments due on the day or days when the system is not functional and unavailable, or on any of the following five (5) days, are not required to pay late fees or interest for failure to make timely payments, and provide those consumers with an additional 3 days to make payments, which must be processed and treated by Defendants as timely.

## V.
## BILLING DISPUTES

**IT IS FURTHER ORDERED** that:

22.    Defendants, their officers, agents, servants, contractors, and employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with consumer billing disputes related to PayPal Credit accounts must:

A.    Accept billing disputes from consumers in writing and through telephonic or electronic means;

B.    Resolve billing disputes within 2 billing cycles, but no longer than 90 days from receiving a dispute from the consumer;

C.    Issue refunds, credits, and chargebacks, where appropriate, within 2 billing cycles, but no longer than 90 days of receiving a dispute;

D.    Not impose fees or interest on a disputed balance, or send an account to collection as a result of a consumer's failure to pay a disputed balance, while a dispute is pending;

E.    Provide written notification to consumers when billing disputes are resolved;

F.    Maintain and implement standardized procedures for tracking all billing disputes; and

G.    Maintain adequate staff and sufficient systems to effect and sustain full and complete compliance with the provisions of this section.

## VI.
## REDRESS

**IT IS FURTHER ORDERED** that:

23. Within 10 days of the Effective Date, Defendants must reserve or deposit into a segregated deposit account $15 million, for the purpose of providing redress to Affected Consumers.

24. Within 60 days of the Effective Date, Defendants must submit to the Enforcement Director for review and non-objection a comprehensive written plan for providing redress consistent with this Order (Redress Plan). The Redress Plan must identify Affected Consumers by category, the number of consumers in each category, the total redress to be paid to consumers in the category, and the procedures for paying redress to Affected Consumers. The Enforcement Director will have the discretion to make a determination of non-objection to the Redress Plan or direct Defendants to revise it. If the Enforcement Director directs the Defendants to revise the Redress Plan, the Defendants must make the revisions and resubmit the Redress Plan to the Enforcement Director within 15 days. After receiving notification that the Enforcement Director has made a determination of non-objection to the Redress Plan, the Defendants must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Redress Plan.

25. Within 90 days from completion of the Redress Plan, Defendants must submit a Redress Plan Report to the Enforcement Director. The Redress Plan Report must include an audit and assessment of Defendants' compliance with the terms of the Redress Plan.

26. After completing the Redress Plan, if the amount of redress provided to Affected Consumers is less than $15 million, within 30 days of the completion of the Redress Plan,

Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference between the amount of redress provided to Affected Consumers and $15 million.

27.     If the Bureau determines, in its sole discretion, that additional redress to Affected Consumers is wholly or partially impracticable or otherwise inappropriate, or if funds remain after additional redress is completed, the Bureau may apply any remaining funds for such other equitable relief, including consumer information remedies, as determined to be reasonably related to the violations described in the Complaint. Any funds not used for such equitable relief will be deposited in the U.S. Treasury. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

28.     Defendants may not condition the payment of any redress to any Affected Consumer under this Order on that Affected Consumer waiving any right.

## VII.
## CIVIL MONEY PENALTIES

**IT IS FURTHER ORDERED** that:

29.     Defendants, jointly and severally, must pay a civil money penalty of $10 million to the Bureau.

30.     Within 14 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

31.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

32.    Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

   A.    Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

   B.    Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

33.    To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that they are entitled to, nor may Defendants benefit by, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action (Penalty Offset). If the court in any Related Consumer Action grants such a Penalty Offset, Defendants must, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

34.    The civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VIII.
## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

35. In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

36. Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to the Defendants.

37. Under 31 U.S.C. § 7701, Defendants, unless they have already done so, must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

38. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IX.
## ROLE OF THE BOARD

**IT IS FURTHER ORDERED** that:

39. The Board must review all submissions (including plans, reports, programs, policies, and procedures required by this Order) prior to submission to the Bureau.

40.     Although this Order requires the Defendants to submit certain documents for the review

or non-objection by the Enforcement Director, the Board will have the ultimate responsibility

for proper and sound management of Defendants and for ensuring that Defendants comply

with Federal consumer financial law and this Order.

41.     In each instance that this Order requires the Board to ensure adherence to, or perform

certain obligation of Defendants, the Board must:

A.     Authorize whatever actions are necessary for Defendants to fully comply with the

Order;

B.     Require timely reporting by management to the Board on the status of

compliance obligations; and

C.     Require timely and appropriate corrective action to remedy any material non-

compliance with any failures to comply with Board directives related to this Section.

## X.
## COMPLIANCE PLAN

**IT IS FURTHER ORDERED** that:

42.     Within 60 days of the Effective Date, Defendants must submit to the Enforcement

Director for review and determination of non-objection a comprehensive compliance plan

(Compliance Plan) designed to ensure that Defendants' offering, marketing, and providing of

PayPal Credit complies with the terms of this Order.

43.     The Compliance Plan must include, at a minimum:

A.     Detailed steps for addressing each action required by this Order, including

specifically:

     i.      For account enrollment, the timeframes by which Defendants will clearly and prominently disclose through a method, such as a pop-up box, that PayPal Credit is a line of credit and may be subject to interest and that consumers will receive their billing statement electronically at the email address designated by the consumer;

     ii.     For promotional offers, a written description of procedures to ensure that consumers receive promotions advertised, including promotions advertised through merchants;

     iii.     For payment processing, a written description of Defendants' internal controls and business resiliency plans to mitigate system failures;

     iv.     For billing disputes, a written description of procedures to track billing disputes, provide written notification of resolved billing disputes to consumers, and ensure adequate personnel and systems to handle billing disputes;

     v.     For payment cut-off times, a written description of (1) the notice provided to consumers about the change in time zone, including an exemplar of each unique notice and (2) the way that any charges associated with and consumer complaints related to late payments will be handled after the change in time zone used to measure a payment's date of receipt; and

     vi.     Specific timeframes and deadlines for implementation of the steps.

B.     The Enforcement Director will have the discretion to make a determination of non-objection to the Compliance Plan or direct Defendants to revise it. If the Enforcement Director directs Defendants to revise the Compliance Plan, Defendants

must make the revisions and resubmit the Compliance Plan to the Enforcement Director within 15 days.

44.     After receiving notification that the Enforcement Director has made a determination of non-objection to the Compliance Plan, Defendants must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Compliance Plan.

45.     Any material proposed changes to or deviations from the Compliance Plan must be submitted in writing to the Enforcement Director to make a determination of non-objection.

## XI.
## REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

46.     Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendant; or a change in any Defendant's name or address. Each Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

47.     Defendants must report any change in the information required to be submitted under this Section at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

48.     Within 90 days of the Bureau's non-objection to Defendants' Compliance Plan, Defendants must submit to the Enforcement Director an accurate written compliance progress

report (Compliance Report), and again one year after the date of the initial Compliance Report, which, at a minimum:

    A.    Describes in detail the manner and form in which Defendants have complied with this Order and

    B.    Attaches a copy of each Order Acknowledgment obtained under Section XII, unless previously submitted to the Bureau.

49.    After the one-year period, Defendants must submit to the Enforcement Director additional Compliance Reports within 14 days of receiving a written request from the Bureau.

## XII.
## ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that:

50.    Within 60 days of the Effective Date, each Defendant, for any business for which the Defendant is the majority owner or directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of this Order.

51.    For 5 years from the Effective Date, Defendants, for any business for which the Defendant is a majority owner or directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section XI, and any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

52.    Defendants must secure a signed and dated statement acknowledging receipt of a copy

of this Order, ensuring that any electronic signatures comply with the requirements of the E-

Sign Act, 15 U.S.C. § 7001 et seq., within 60 days of delivery, from all persons receiving a copy

of this Order under this Section.

## XIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that:

53.    Defendants must create, for at least 5 years from the Effective Date, all documents and

records necessary to demonstrate full compliance with each provision of this Order, as well as

all submissions to the Bureau.

54.    Defendants must retain the documents identified in this Section for at least 5 years.

55.    Defendants must make the documents identified in this Section available to the Bureau

upon the Bureau's request.

## XIV.
## NOTICES

**IT IS FURTHER ORDERED** that:

56.    Unless otherwise directed in writing by the Bureau, Defendants must provide all

submissions, requests, communications, or other documents relating to this Order in writing,

with the subject line, "*In re* PayPal, Inc., No. 2013-0551-02," and send them either:

by overnight courier (not the U.S. Postal Service) and contemporaneously by email, as follows:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1625 I Street, NW
Washington, DC 20006
Enforcement_Compliance@cfpb.gov; or

by first class mail to the below address and contemporaneously by email to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTN: Office of Enforcement
1700 G Street, NW
Washington, DC 20552
Enforcement_Compliance@cfpb.gov.

## XV.
## COOPERATION WITH THE BUREAU

**IT IS FURTHER ORDERED** that:

57.    Defendants must cooperate fully to help the Bureau determine the identity and location

of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide

such information in its or its agents' possession or control within 14 days of receiving a written

request from the Bureau.

58.    Defendants must cooperate fully with the Bureau in this matter and in any investigation

related to or associated with the conduct described in the Complaint. Defendants must provide

truthful and complete information, evidence, and testimony. Defendants must cause its

officers, employees, representatives, or agents to appear for interviews, discovery, hearings,

trials, and any other proceedings that the Bureau may reasonably request upon 5 days written

notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XVI.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that:

59.    Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested information, which must be made under penalty of perjury, provide sworn testimony, or produce documents.

60.    Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

61.    Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 and other compulsory process.

## XVII.
## RETENTION OF JURISDICTION

62.    The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XVIII.
## RELEASE

63.    The Bureau releases and discharges Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. Notwithstanding this release, the Bureau may use the practices alleged in the Complaint in future enforcement actions against Defendants or

their affiliates to establish a pattern or practice of violations, or the continuation of a pattern or

practice of violations, or to calculate the amount of any penalty. This release does not preclude

or affect any right of the Bureau to determine and ensure compliance with this Order or to seek

penalties for any violations of this Order.

**IT IS SO ORDERED.**

DATED this _10ᵀᴴ_ day of ___JANVARY___ , 2019.

_____
United States District Court